IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. 1:15-cr-10072-JDB-1

ROGER JONES, JR.,

    Defendant.

_____

ORDER
_____

        In an order entered April 24, 2020, the Court denied the April 9, 2020, pro se motion of the Defendant, Roger Jones, Jr., for compassionate release in accordance with 18 U.S.C. § 3582(c)(1) and § 12003 of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).  (Docket Entry ("D.E.") 72.)  On April 29, 2020, Defendant filed a reply to the Government's response to the April 9 motion.  (D.E. 73.)  Because this filing contained information not provided to the Court on the initial motion, it will be liberally construed as a motion to reconsider that portion of the Court's April 24 order to which it relates -- § 3582(c)(1)(A).

        As noted in the Court's order, the statute permits compassionate release where "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Wieber*, Criminal Action No. 3:14-CR-74-TBR, 2020 WL 1492907, at *1 (W.D. Ky. Mar. 27, 2020).  However, the provision requires that courts may grant relief only

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

> lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A).  In his initial motion, Jones made no allegation that he had exhausted his administrative remedies within the Bureau of Prisons.  As there was no information before the Court indicating that the exhaustion requirement had been satisfied, the Court concluded that it lacked the authority to grant relief, even under present conditions.

Jones attempts to establish exhaustion by appending to his most recent filing a purported letter to the warden of the facility in which he is housed requesting compassionate release.  (D.E. 73-1.)  He asserts that he made the request "over 30 days ago" and that the warden "has not responded to email staff message."  (D.E. 73 at PageID 341.)  However, the letter is undated and contains no identifying information whatsoever linking it to the Defendant such as his name or inmate number.

He also appears to suggest that exhaustion should be waived.  Courts around the country and within this circuit have struggled with this issue in the wake of the coronavirus outbreak. *Compare United States v. Saad*, Case No. 16-20197, 2020 WL 2251808, at *2-5 (E.D. Mich. May 5, 2020) (COVID-19 justified waiver of the exhaustion requirement, citing *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019), which held that exhaustion "seemingly mandated by statute or decisional law" is "not absolute" where "it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue"; "where the administrative process would be incapable of granting adequate relief"; and "where pursuing agency review would subject plaintiffs to undue prejudice"); *Miller v. United States*, ___ F. Supp. 3d ___, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) ("the Court may waive the exhaustion requirement if a recognized exception applies," citing *Barr*); *United States v. Zukerman,* ___ F. Supp. 3d ___, 2020 WL 1659880, at *2-4 (S.D.N.Y. Apr. 3, 2020) (same, citing *Barr*); *United States v. Colvin*,

Criminal No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (same, citing *Barr*) *with United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding the exhaustion requirement "presents a glaring roadblock foreclosing compassionate release"); *United States v. Turns,* Case No. 2:99-cr-104-1, 2020 WL 2519710, at *1 (S.D. Ohio May 18, 2020) ("The exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic."); *United States v. Bolze*, ___ F. Supp. 3d ___, 2020 WL 2521273, at *2-5 (E.D. Tenn. May 13, 2020) (holding exhaustion requirement jurisdictional and mandatory and criticizing defendant's reliance on "Second Circuit precedent of dubious persuasive value in [the COVID-19] context," namely, *Barr* and its progeny); *United States v. Gales*, Case No. 1:19-cr-251-4, 2020 WL 2085146, at *3 (N.D. Ohio Apr. 29, 2020) (refusing to "read an exception into § 3582(c)(1) which does not exist"); *United States v. Washington*, Criminal Action No. 5:13-020-DCR, 2020 WL 1873550, at *1 (E.D. Ky. Apr. 14, 2020) ("To the extent other district courts have waived the exhaustion requirement, the Court declines to follow these determinations here.").

>   Perhaps the *Raia* court said it best:
>
>   We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. *See generally* Federal Bureau of Prisons, *COVID-19 Action Plan* (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added— and critical—importance. And given the Attorney General's directive that BOP "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," we anticipate that the statutory requirement will be speedily dispatched in cases like this one. Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020), https://www.justice.gov/file/1262731/download. So we will deny Raia's motion.

*Raia*, 954 F.3d at 597.

Upon review of the caselaw and the language of the statute, the Court finds persuasive those decisions holding that the exhaustion requirement cannot be waived. Based upon this conclusion, as well as the uncertainty noted above with respect to the document attached to Defendant's April 29 filing, the request for compassionate release under § 3582(c)(1)(A) is DENIED on reconsideration.

IT IS SO ORDERED this 21st day of May 2020.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE